People v Ross (2024 NY Slip Op 01992)

People v Ross

2024 NY Slip Op 01992

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 952-2020 71861/2022 Appeal No. 2010-2010A Case No. 2022-04351 2022-04779 

[*1]The People of the State of New York, Respondent,
v
Clarence Ross, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Charles F. Hickerson IV of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Tara A. Collins, J.), rendered September 22, 2022, convicting defendant, upon his pleas of guilty, of attempted robbery in the second degree and robbery in the third degree, and sentencing him to consecutive terms of one year, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
As the People concede, defendant is entitled to an express youthful offender determination pursuant to People v Rudolph (21 NY3d 497 [2013]) on indictment No. 952/20. However, for reasons not fully explained in his briefs, defendant explicitly requests this matter not be remanded for a youthful offender determination and instead requests this Court adjudicate him a youthful offender.
While this Court has previously granted youthful offender treatment as a matter of discretion, such adjudication has come after the trial court has first made an explicit youthful offender determination on the record at sentencing (see e.g. People v Steven B., 147 AD3d 493 [1st Dept 2017]; People v Patric T., 137 AD3d 659 [1st Dept 2016]; People v Regina L., 129 AD3d 533 [1st Dept 2015]; People v Maria M., 102 AD3d 402, 403 [1st Dept 2013]). Because the trial court did not make the requisite explicit determination, this matter can only be remanded for resentencing, including a youthful offender determination (see Rudolph, 21 NY3d 497; see e.g. People v Johnson, 198 AD3d 544 [1st Dept 2021]; People v Catlett, 196 AD3d 418 [1st Dept 2021]; People v Lugo, 194 AD3d 495 [1st Dept 2021]; People v Shabazz, 183 AD3d 494 [1st Dept 2020]; People v Frye, 174 AD3d 440 [1st Dept 2019]; People v Rodriguez, 173 AD3d 579, 580 [1st Dept 2019]; People v Maldonado, 163 AD3d 407 [1st Dept 2018]; People v Marquez, 149 AD3d 544 [1st Dept 2017]). We further decline to exercise our interest of justice jurisdiction (see People v Blanco, 143 AD3d 616 [1st Dept 2016], lv denied 28 NY3d 1142 [2017]).
Notwithstanding, we vacate the surcharges and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024